UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RE: NATHAN E. JACOBS,
     PLAINTIFF,
V.
BUREAU OF PRISONS, F.C.I. F.S.L. (ELKTON'S)
ADMINISTRATION C.M.C./COLE, et al.,
     DEFENDANTS,

FILED
JAN 31 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Case: 1:11-cv-00274
Assigned To: Kessler, Gladys
Assign. Date: 1/31/2011
Description: FOIA/Privacy Act

COMPLAINT: PRIVACY ACT CLAIM: BUREAU OF PRISONS AGENCY ARE IN VIOLATION OF 28 U.S.C. § 2241 PRIVACY ACT OF 1974 5 U.S.C. § 552(a)(5) (g)(1)(C)(g)(4) § 552(a)(d) AND (g)(1)(A) SEE SELLARS V. BUREAU OF PRISONS 959 F.3d AT 306-311, HAMPTON V. U.S. 191 F.3d AT 698, 99, 700 "ORDER OF PROBATION DISCHARGE" STATE OF MICHIGAN V. JACOBS (1) 96-0992 M DOC #182217, MAY 8, 2003, JUDGE BRUCE U. MORROW AND (PENDING, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA CA. NO. 10-1332 AND UNITED STATES OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT NO. 10-5271, HELD IN ABEYANCE)" PLAINTIFF CHALLENGES ABOVE TITLED DEFENDANTS F.C.I. F.S.L. (ELKTON'S) MANAGEMENT VARIABLES, REQUESTING TO BE TRANSFERRED TO A FACILITY CLOSER TO MY FAMILY, B.O.P. PROGRAM STATEMENT 5100.06

NOW COMES NATHAN E. JACOBS #29900-039, F.C.I. F.S.L. (ELKTON), P.O. BOX 10 S.H.U. CELL #208, LISBON, OHIO 44432, (330) 420-6200 IN GOOD FAITH IN LIEU OF CHALLENGING F.C.I. F.S.L. (ELKTON'S) ADMINISTRATIVE CASE MANAGER COORDINATOR MRS. COLE et. al., AND BUREAU OF PRISONS ARE IN VIOLATIONS. PURSUANT PLAINTIFF'S PRIVACY ACT CLAIMS 5 U.S.C.A § 552(a)(e)(5), (g)(1)(C) AND (g)(4).

AND THAT F.C.I. F.S.L. (ELKTON'S) C.M.C./MRS. COLE et. al., AND BUREAU OF PRISONS USED ERRONEOUS 2002 PROBATION OFFICE P.S.I. REPORT AS WELL AS OTHER ERRONEOUS INFORMATION CONTAINED IN HIS FILES TO MAKE DETERMINATIONS ADVERSE TO HIM IN VIOLATION OF SECTION (e)(5), (g)(1)(C) AND (g)(4) OF THE ACT. PLAINTIFF FIRST ARGUES THAT AS A RESULT HE IS ENTITLED TO HIS REQUEST TO BE TRANSFERRED TO A FACILITY CLOSER TO MY FAMILY, B.O.P. PROGRAM STATEMENT 5100.06 AND TO MONEY DAMAGES AND ATTORNEY FEES.

WE PAUSE HERE TO POINT OUT THAT THERE ARE ACTUALLY FOUR DIFFERENT CLAIMS AT ISSUE TO THIS LAWSUIT. IN ADDITION TO HIS CLAIMS AGAINST F.C.I. F.S.L. (ELKTON'S) C.M.C./MRS. COLE et. al., FOR USING ALLEGED ERRONEOUS PRESENTENCE REPORT IN DENYING HIS REQUEST TO BE TRANSFERRED TO A FACILITY CLOSER TO HIS FAMILY, B.O.P. PROGRAM STATEMENT 5100.06. MR. JACOBS ALSO CLAIMS THAT THE BUREAU OF PRISONS USED THAT REPORT IN MAKING DECISIONS ADVERSE TO HIM CONCERNING CUSTODY AND SECURITY CLASSIFICATIONS, JOB AND QUARTER ASSIGNMENTS AND THE OPPORTUNITY TO EARN MONEY AND GOOD TIME. FURTHERMORE, THE PLAINTIFF ASSERTS THERE WERE OTHER PIECES OF INCORRECT INFORMATION IN HIS PRISON FILES THAT

1

The Bureau of Prisons and F.C.I. F.S.L. (Elkton's) C.M.C./Mrs. Coles, et al., used in making determination adverse to him.

At issue in this challenge are Section (e)(5), (g)(1)(C) and (g)(4) of the Privacy Act. Section (e)(5) provides "that each agency that keeps a system of records must" maintain all records.... with such accuracy, relevance, timeliness, and completeness as reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552(a)(e)(5) Section (g) of the Act provides civil remedies for ~~Section(g)~~ ~~(1)(C)~~ violations of Section (e)(5). In particular, Section (g)(1)(C) permits a civil action if an agency "fails to maintain any record concerning any individual... and consequently a determination is made which is adverse to the individual." 5 U.S.C. §552(a)(g)(1)(C), And (g)(4) provides that in any action brought under Section (g)(1)(C), "in which the court determines that the agency acted in a manner which was intentional or willful," the United States shall be liable for actual damages sustained by the individual not less than $1000.00 as well as litigation costs and attorneys fee. 5 U.S.C. § 552(a)(g)(4).

Plaintiff alleges that in 2003, May 06 a State of Michigan Judicial Notice of Adjudicative Facts "Order of Probation Discharge," State of Michigan v. Jacobs, (1)(96)-0992, MDOC #182217, Judge Bruce U. Morrow. Judge Morrow retroactive facts surrounding 2002 probation office presentence report were in violation of 5 U.S.C. 552(a)(e)(5), (g)(1)(C) and (g)(4) by failing to maintain accurate records and §552(a)(d) and (g)(1)(A) by fail to amend inaccurate files.

Plaintiff states also that he had no criminal history record on file in the State of Michigan's jurisdiction and that his rights were fully restored when probation office P.S.I. report was filed in 2002 and that his criminal history convictions under 18 U.S.C.A §921(a)(20) were expunged and set-aside for purposes of §922(g). See Hampton v. U.S., 191 F.3d at 698, 99, 700, Michigan v. Jacobs, (1)(96)-0992 MDOC #182217. Noting: information can be verified though "the Freedom of Information Act" Department of Justice Federal Networks.

In 2010 Plaintiff files his Privacy Act claims claiming that the Bureau of Prisons and F.C.I. F.S.L. (Elkton's) administrative C.M.C./Mrs. Cole et al., violated the Privacy Act 5 U.S.C. §552(a)(e)(5) and (g)(1)(C) by failing to maintain inaccurate records and §552(a)(d) and (g)(1)(A) by failing to amend inaccurate files. Plaintiff complaint alleged that F.C.I. F.S.L. (Elktons) C.M.C./Mrs. Cole et. al., used 2002 presentence report in its decisions denying him his request to be transferred to a facility closer to my family, B.O.P program statement 5100.8 "Terre Haute Camp (Unicor)" 2010 complaint also claims that the allegedly erroneous presentence report adversely affected determinations by the Bureau of Prisons regarding custody and security classifications, job and quarters assignments and the opportunity to earn money and good time. In addition to the claims surround-

ING THE 2002 PRESENTENCE REPORT THE COMPLAINT FURTHER ALLEGED THAT OTHER INACCURACIES IN MR. JACOBS PRISONS RECORDS RESULTED IN DECISION ADVERSE TO HIM. MR JACOBS SEEKS BOTH AMENDMENTS OF HIS RECORDS AND MONEY DAMAGES.

I PRAY FOR THE CHANCE PROCEDURALLY TO BE ABLED, TO BE TRANSFERRED FOR THE PURPOSE OF EMBETTERMENT, AND BE GIVEN THE RIGHT OPPORTUNITY TO PROGRESS BACK INTO A COMMUNITIVE ENVIRONMENT. 18 U.S.C. § 4082 (b)

I DECLARE I KNOW THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT. 28 U.S.C. § 1746 NATHAN E. JACOBS 12-24-10

DECEMBER 24, 2010

NATHAN E. JACOBS #29900-039
F.C.I. F.S.L. (ELKTON)
P.O. BOX 10, S.H.U. CELL #208
LISBON, OHIO 44432
(330) 420-6200

CERTIFIED NOTICE
PROOF OF SERVICE THAT HAND WRITTEN COPIES WERE MAILED FROM F.C.I. F.S.L. (ELKTON'S) U.S. MAIL ROOM DEC. 24, 2010 TO: MR. ERIC HOLDER/U.S. ATTOR. GEN., EXECUTIVE OFFICE, 950 PENNSYLVANIA AVE. N.W., WASHINGTON, D.C. 20530, DIR. HARLEY G. LAPPIN/BUREAU OF PRISONS, 950 PENNSYLVANIA AVE. N.W. 20530, ANGELA D. CAESAR /CLERK OF COURT, 333 CONSTITUTION AVE N.W., WASHINGTON, D.C. 20001, AND C.M.C./MRS. COLE, et al., F.C.I. F.S.L. (ELKTON), 8730 SCROGGS RD., P.O. BOX 89, ELKTON, OHIO 44415