# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN E. JACOBS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | )   Civil Action No. 11-274 (RJL) |
| | ) |
| BUREAU OF PRISONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

February __26__, 2012 [Dkt. # 20, 26]

Plaintiff brings this action under the Privacy Act, *see* 5 U.S.C. § 552a, against the Federal

Bureau of Prisons ("BOP").[1]   This matter is before the Court on the BOP's Motion to Dismiss in

---

[1]     The Privacy Act does not authorize suits against individuals, *see Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006), and to the extent that plaintiff purports to bring a Privacy Act claim against the individual identified as "C.M.C. Cole," the claim will be dismissed. *See, e.g., Ramirez v. U.S. Dep't of Justice*, No. 10-5016, 2010 WL 4340408, at *1 (D.C. Cir. Oct. 19, 2010) (per curiam) (affirming dismissal of Privacy Act claims against individuals); *Earle v. Holder*, No. 10-0422, 2011 WL 4526039, at *3 (D.D.C. Sept. 30, 2011) ("The Court therefore dismisses the complaint against the individual officials and substitutes the Department of Justice . . . of which BOP is a component, as the proper defendant."); *Morris v. U.S. Prob. Servs.*, 723 F. Supp. 2d 225, 227-28 (D.D.C. 2010).   Nor may plaintiff assert a constitutional claim against defendant Cole under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), where the relief he seeks is available to him under the Privacy Act. *See Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003) (affirming dismissal of constitutional claims because "they are encompassed within the remedial scheme of the Privacy Act"); *Lewis v. U.S. Parole Comm'n*, 770 F. Supp. 2d 246, 251-52 (D.D.C. 2011).

Part, or in the Alternative, for Summary Judgment in Part [Dkt. #20].[2]

## I.  BACKGROUND

Plaintiff "was sentenced to 252 months imprisonment after a jury found him guilty of one

count of felon in possession of a firearm." *United States v. Jacobs*, No. 01-cr-80771, 2008 WL

1901233, at *1 (E.D. Mich. Apr. 25, 2008).  He came in to BOP custody in May 2002 and began

to serve the current sentence in January 2003.  Public Information Inmate Data as of 03-30-2011,

Ex. A to Defs.' Mot. to Dismiss in Part, or in the Alternative, for Summ. J. in Part [Dkt. #20]

("Defs.' Mem."), at 2, 5.  Plaintiff was incarcerated at the Federal Correctional Institution in

Lisbon, Ohio ("FCI Elkton") at the time he filed this action.  *See* Compl. at 1.  The BOP since has

transferred him to the Federal Correctional Institution in Loretto, Pennsylvania.  Pl.'s Notice

[Dkt. # 44] at 1.  "His projected release date is July 30, 2020, via good conduct time earned."

Decl. by Harrell Watts ("Watts Decl."), Ex. D to Defs.' Mem., ¶ 5.

On four occasions, Watts Decl. ¶ 7, plaintiff has submitted an Administrative Remedy

Request for a transfer "to a facility closer to [his] family."  Compl. at 1.  Three of requests were

---

[2]      Also before the Court is Defendants' Motion to Dismiss, or in the Alternative, for
Summary Judgment of Plaintiff's "*Bivens*" Claims [Dkt. #26].  The motion will be granted
because plaintiff's constitutional claim is barred under the doctrine of claim preclusion.  Plaintiff
cannot bring "a subsequent lawsuit . . . if there has been prior litigation (1) involving the same
claims or cause of action, (2) between the same parties or their privies, and (3) there has been a
final, valid judgment on the merits, (4) by a court of competent jurisdiction."  *Smalls v. United
States*, 471 F.3d 186, 192 (D.C. Cir. 2006).  Plaintiff has raised the same *Bivens* claim for being
called "jigga-boo, slang for nigger," by corrections officers at FCI Elkton, Mot. Supp. Supplement
to Civil Action for Annulment & Correction of Title 42 USC § 1983 for a "*Bivens*" Action" under
the Local Rule of the District Court & to be Paid For by the Dep't of Justice Criminal Justice Act
[Dkt. #18] at 1, in a prior action and the claim was dismissed with prejudice.  *See Jacobs v.
Holder*, No. 4:10cv1544, 2010 WL 4449357, at *1, 3 (N.D. Ohio Nov. 1, 2010).  The court in the
prior action determined that "the alleged slur [did] not constitute a constitutional violation,"
dismissing the cause of action, and declined to exercise jurisdiction over the remaining state law
claim of intentional infliction of emotional distress.  *Id.* at *2.  Because the elements of claim
preclusion are met here, this Court grants defendants' Motion to Dismiss Plaintiff's *Bivens* Claims.

2

denied for failure to comply with Administrative Remedy Program procedures.   Watts Decl.

¶¶ 8-9, 11.   The BOP denied the fourth request, filed on December 13, 2009, explaining that

plaintiff was deemed "a Low security inmate with in-custody; he was held in a low security

institution; and he was housed within 500 miles of his release residence," and thus a transfer was

"not appropriate."   *Id.* ¶ 10.

It appears that plaintiff attributes the denial of his requests for a transfer to erroneous

information contained in his 2002 presentence investigation report ("PSI") "as well as other

erroneous information contained in his files."   Compl. at 1.   He further alleges that the BOP

relies on this erroneous information in making decisions regarding "custody and security

classifications, job and quarter[s] assignments[,] and the opportunity to earn money and good time

[credit]."   *Id.*   The complaint does not point out the allegedly erroneous information, however.

The Court is left to surmise that the PSI and the BOP's other records do not reflect plaintiff's

discharge in 2003 from a life term of probation imposed by the Third Judicial Circuit Court of

Wayne County, Michigan.   *See id.*; *see also* Supp. to Compl. [Dkt. #10] at 1 & Exs. (Petition and

Order for Discharge from Probation, *Michigan v. Jacobs*, No. 96-0992-01 (3d Cir. Ct. of Wayne

Cty. Mich. May 8, 2003)).   Plaintiff apparently believes that, had the BOP's records reflected his

discharge from probation, his requests for a transfer would have been granted.

Plaintiff contends that the BOP has violated the Privacy Act in three ways: failing to

maintain its records pertaining to him with the requisite level of accuracy, failing to amend its

records at his request, and intentionally and willfully refusing to verify the information he deems

erroneous.   *See* Compl. at 2; Supp. to Compl. at 1.   He demands injunctive relief, Compl. at 1,

and monetary damages of $16 billion, *see* Motion Summarizing Foregoings [sic] with Adequate

Criminal Alternatives and Civil Remedies for Relief and Damages Sougth [sic] in Opposition and

3

Response to Defendants['] Motion to Dismiss Claims Under Local Court Rule LCVR 7(b) and
F.R.C.P. Rule 6(d) District Court Civil Action No. 11-0274 ([R]JL) Ordered June 1, 2011 to be
Paid For by the U.S. Department of Justice Criminal Justice Act [Dkt. #32] ("Pl.'s Opp'n") at 4.

## II.  DISCUSSION[3]

### A.  *Summary Judgment Standard*

To grant a motion for summary judgment, the Court must find that "there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
Civ. P. 56(a).   A material fact is one that "might affect the outcome of the suit under the governing
law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).   When ruling on a motion for
summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving
party, and it may not make credibility determinations or weigh the evidence." *Reeves v.
Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000) (citations omitted).   Here, defendant
bears the burden of demonstrating the absence of a genuine issue of material fact and that plaintiff
"fail[ed] to make a showing sufficient to establish the existence of an element essential to [his]
case, and on which [he] will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S.
317, 322 (1986).

In responding to a summary judgment motion, plaintiff "must do more than simply show
that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v.
Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).   Accordingly, plaintiff must not rely on "mere
allegations or denials . . . but . . . must set forth specific facts showing that there [are] genuine
issue[s] for trial." *Anderson,* 477 U.S. at 248 (internal quotation marks and citation omitted)

---

[3]      For purposes of this discussion, the Court presumes without deciding that plaintiff's
Privacy Act claim is not barred by the statute of limitations.

(second omission in original). Thus, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

### B. Accuracy and Amendment Provisions of the Privacy Act

Subsection (e)(5) of the Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). An individual may access an agency's records or information in a system of records pertaining to him, and may request amendment of such records. *See* 5 U.S.C. § 552a(d). That individual may file a civil action against an agency which "makes a determination . . . not to amend an individual's record in accordance with his request." 5 U.S.C. § 552a(g)(1)(A). In addition, an individual may bring suit against an agency under subsection (g)(1)(C) if the agency:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

5 U.S.C. § 552a(g)(1)(C). If the Court determines that the agency's actions were willful or intentional, it may award actual damages sustained by the individual as a result of the agency's failure to maintain its records with the requisite level of accuracy, and further may award costs of the action and attorney fees. 5 U.S.C. § 552a(g)(4).

Notwithstanding the relief ostensibly available under the Privacy Act, an agency's Director may promulgate regulations to exempt any system of records within the agency from any part of

the Privacy Act, *except* subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (e)(7), (e)(9),

(e)(10), and (e)(11), and (i), if the system of records is:

> maintained by an agency or component thereof which performs as
> its principal function any activity pertaining to the enforcement of
> criminal laws, including . . . correctional, probation, pardon, or
> parole authorities, and which consists of . . . reports identifiable to
> an individual compiled at any stage of the process of enforcement of
> the criminal laws from arrest or indictment through release from
> supervision.

5 U.S.C. § 552a(j)(2)(C).   Pursuant to this authority, regulations exempt the BOP's Inmate

Central Records System (JUSTICE/BOP-005), among other systems of records, from subsections

(d) and (g).   *See* 28 C.F.R. § 16.97(a)(1), (4).   An inmate's PSI is maintained in the BOP's

Inmate Central Records System.   *See* Change Notice (Dec. 31, 1997) and excerpt from Program

Statement 5800.11, Inmate Central File, Privacy Folder and Parole Mini-Files (Sept. 8, 1997),

Ex. B to Defs.' Mot., at 5.   Consequently, insofar as plaintiff demands the access to or amendment

of his PSI, such relief is unavailable under 5 U.S.C. § 552a(g).   *See White v. U.S. Prob. Office*,

148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (barring claim for amendment of presentence

report); *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam) (denying injunctive

relief on the ground that regulations exempt BOP records from amendment provision of Privacy

Act).

  In addition, under 5 U.S.C. § 552a(j)(2), the BOP's Inmate Central Records System is

exempt from subsection (e)(5) of the Privacy Act.[3]   *See* 28 C.F.R. § 16.97(j); *see also* 28 C.F.R.

§ 16.97(k)(2).   Having exempted its records from the substantive provision regarding the

---

[3]  The variation in language between subsections (e)(5) and (g)(1)(C) of the Privacy Act is of
"no substantive significance."   *Doe v. United States*, 821 F.2d 694, 698 n.10 (D.C. Cir. 1987) (en
banc).

agency's recordkeeping obligations, there remains no remedy for any harm resulting from the agency's substandard recordkeeping.   Accordingly, insofar as plaintiff seeks damages for the BOP's failure to maintain records in its Inmate Central Records System pertaining to him with the requisite level of accuracy and completeness, damages are not available.   *See, e.g., Lane v. Fed. Bureau of Prisons*, No. 08-1269, 2009 WL 1636422, at *1 (D.D.C. June 9, 2009) ("It is established that BOP has exempted its Inmate Central Records System containing, among other records, presentence investigation reports, from the Privacy Act's accuracy and amendment requirements (subsections (d) and (e)(5)) and from its damages provision (subsection (g))."), *aff'd*, 2010 WL 288816 (D.C. Cir. Jan. 7, 2010), *cert. denied*, 131 S. Ct. 146 (2010); *Mitchell v. Bureau of Prisons*, No. 05-0443, 2005 WL 3275803, at *4 (D.D.C. Sept. 30, 2005) ("[I]nsofar as plaintiff demands damages for BOP's failure to maintain records in its Inmate Central Records System pertaining to him with the requisite level of accuracy and completeness, damages are not available[]" because such records are exempt from 5 U.S.C. § 552a (e)(5)).

### C.   *Monetary Damages and Attorney Fees*

In order to recover damages and attorney fees, "plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff."   *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (quoting 5 U.S.C. § 552a(g)(1)(C)) (alteration in original).   Plaintiff bears the burden of proving that the agency's actions in violating the Privacy Act were intentional or willful.   *Reuber v. United States*, 829 F.2d 133, 141 & n.58 (D.C. Cir. 1987); 5 U.S.C. § 552a(g)(4).   To meet his burden, a "plaintiff must prove that the offending agency acted 'without grounds for believing [its actions] lawful' or prove that it 'flagrantly disregarded' the rights guaranteed under the Privacy Act."   *Laningham v. U.S. Navy*, 813 F.2d

7

1236, 1242 (D.C. Cir. 1987) (quoting *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984)) (alteration in original).   Negligence and inadvertence do not rise to the level of an intentional or willful violation of the Privacy Act.   *See Albright*, 732 F.2d at 189; *Maydak v. United States,* 630 F.3d 166, 183 (D.C. Cir. 2010) ("As our case law makes clear, the Privacy Act's 'intentional or willful' element cannot be established with mere speculation." (citation omitted)).

The complaint not only fails to indicate what information is erroneous but also fails to set forth the adverse determination allegedly made on the basis of this erroneous information.[4]   There is no basis for an award of monetary damages absent plaintiff's showing "that any BOP record pertaining to him is inaccurate, irrelevant, untimely, or incomplete, [or] . . . that BOP acted intentionally or willfully in violation of the Privacy Act." *Djenasevic v. Exec. U.S. Attorney's Office*, 579 F. Supp. 2d 129, 136 (D.D.C. 2008).   Moreover, the designation of an inmate to a particular facility is left to the BOP's discretion, as are determinations as to an inmate's custody level, security classification, quarters assignment and work assignments.   *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).   "The Privacy Act allows for the amendment of factual or historical errors," *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337 (D.C. Cir. 1992) (quoting *Rogers v. U.S. Dep't of Labor*, 607 F. Supp. 697, 699 (N.D. Cal. 1985)), and an individual may use it to challenge the information on which a determination is based.   "It is not . . . a vehicle for amending the judgments of federal officials or . . . other[s] . . . as those judgments are reflected in records maintained by federal agencies," *id.* at 337-38, and plaintiff cannot avail himself of the Privacy Act in order to challenge the determinations themselves.   *See Conklin v. U.S. Bureau of Prisons*, 514 F. Supp. 2d 1, 6 (D.D.C. 2007) (denying request for amendment of Custody Classification

---

[4]     Moreover, plaintiff's contention that the PSI is erroneous because it omits his discharge from probation is nonsensical.   The PSI was prepared in 2002, and could not have reflected his discharge from probation which occurred in 2003.

Form because "custody classification reflects the judgment of the BOP staff, and, therefore, it is not subject to amendment under the Privacy Act"); *Molzen v. Fed. Bureau of Prisons*, No. 05-2360, 2007 WL 779059, at *7 (D.D.C. Mar. 8, 2007) (rejecting inmate's direct challenge to BOP's decisions as to custody classification and security level based on information in his PSI). Simply stated, "[p]laintiff cannot force the BOP to change his custody classification, security level, or facility designation by means of this Privacy Act suit." *Allmon v. Fed. Bureau of Prisons*, 605 F. Supp. 2d 1, 7 (D.D.C. 2009); *see Earle*, 2011 WL 4526039, at *5.

### III.   CONCLUSION

Plaintiff neither states a Privacy Act claim upon which relief can be granted, nor brings a cognizable *Bivens* claim.   Accordingly, defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment is granted.   An Order consistent with this decision is issued separately.

RICHARD J. LEON
United States District Judge